UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Daniel L. Staley,** # 273165, aka Daniel Levern Staley, <br><br>          Plaintiff, <br><br> vs. <br><br> Marie Yu, Medical Doctor; and Melinda Somerville, Social Worker, <br><br>          Defendants. | ) C/A No. 9:07-159-PMD-GCK <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff is an inmate at the Kirkland R & E Center, having fairly recently been admitted to the South Carolina Department of Corrections (SCDC) prison system to serve a burglary sentence from Marion County. In the Complaint filed in this case, Plaintiff contends that his due process, 1st amendment (free speech), and 8th amendment rights were violated by Defendants when they diagnosed him as having a schizoaffective disorder in January 2005. Plaintiff alleges that Defendants did not provide competent medical care to him because they improperly relied on incident reports from the Marion County Detention Center to make their diagnosis despite the fact that, according to Plaintiff, he had several previous mental evaluations by other

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

mental health professionals and no diagnosis of mental illness was made. Plaintiff seeks compensatory damages and injunctive relief and asks this Court to permit him to proceed with this case without first paying the full $350.00 filing fee. (Entry 2).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901

F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, it is not necessary for the Court to reach the substantive legal issues presented in Plaintiff's Complaint because it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) [the Prison Litigation Reform Act].[2] It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2003, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 9:03-3490-PMD; 9:03-349-PMD; 9:03-3492-PMD; 9:04-1899-PMD.[3] The "three-strikes rule" is a Congressional enactment that applies nationwide, and was not a judicially-created rule. By enacting the statute in which the rule is established, Congress determined that, except under very limited circumstances, prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See*



---

[2] 28 U.S.C. § 1915(g) provides:
> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[3] Another strike has been recommended, but not yet adopted, in a recently filed case from this Plaintiff. *See* Civil Action No. 9:07-45-PMD-GCK (Entry 5).

28 U.S.C. § 1915(g); <u>Green v. Nottingham</u>, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively); *cf.* <u>In re Sargent</u>, 136 F.3d 349 (4th Cir. 1998).

The limited exception to this bar is where "the prisoner is under imminent danger of serious physical injury." Plaintiff does not make any allegation that either Defendant physically harmed him or threatened to physically harm him when they diagnosed him in January 2005. Even if such allegations had been present, however, they would not be sufficient to require application of the limited exception to the three-strikes rule in this case. Plaintiff cannot claim that he is "under <u>imminent danger</u> of serious physical injury" (emphasis added) as required under 28 U.S.C. § 1915(g) from Defendants because the actions giving rise to his claims of improper diagnosis occurred over two years ago. Such action are obviously not occurring at the present time and are not placing Plaintiff in any "imminent danger" whatsoever. The United States Court of Appeals for the Second Circuit has held that in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." The "imminent danger" exception does not apply to "those harms that had already occurred." The Second Circuit also noted unanimity among the federal circuits addressing this issue. <u>Malik v. McGinnis</u>, 293 F. 3d 559, 561-62 (8th Cir. 2002)(citing <u>Abdul-Akbar v. McKelvie</u>, 239 F. 3d 307, 323 (3rd Cir. 2001)); <u>Medberry v. Butler</u>, 185 F. 3d 1189, 1193 (11th Cir. 1999); <u>Banos v. O'Guin</u>, 144 F. 3d 883, 884 (5th Cir. 1998). Because there are no



facts showing that the "imminent danger" exception should apply, Plaintiff is barred by the three-strikes rule from pursuing any of the claims contained in his Complaint in this Court.[4]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

January 24, 2007
Charleston, South Carolina

---

[4] In any event, Plaintiff's allegations, at most, state medical malpractice claims against Defendants, there are no allegations from which an eighth amendment medical indifference could be found. Walker v. Peters, 863 F. Supp. 671 (N.D. Ill.1994)(under Farmer v. Brennan, [511 U.S. 825 (1994)], "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice"). It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983 Estelle v. Gamble, 429 U.S. 97, 106 (1976). Negligence, in general, is not actionable under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986).

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).