# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Daniel L. Staley**, # 273165, a/k/a Daniel Levern Staley, ) ) ) Plaintiff, ) ) v. ) ) Marie Yu, Medical Doctor; and Melinda Somerville, Social Worker, ) ) ) Defendant. ) ) _____) | C.A. No.: 9:07-159-PMD-GCK  **ORDER** |

On January 12, 2007, *pro se* litigant Daniel L. Staley ("Staley") brought an action for damages pursuant to 42 U.S.C. §1983 against Marie Yu and Melinda Somerville, employees at the Weber G. Bryan Psychiatric Hospital. Staley alleges that Defendants provided constitutionally deficient medical care by improperly diagnosing him with schizoaffective disorder in January of 2005. Plaintiff seeks compensatory damages and injunctive relief and asks this court to permit him to proceed without first paying the full $350.00 filing fee.

The record contains a report and recommendation ("the R&R") of United States Magistrate Judge George C. Kosko, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). In his R&R, the Magistrate Judge judicially noted that Staley has filed more than three (3) prior frivolous cases in this court since 2003; therefore, under the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g),[1] Staley is barred from pursuing any of the claims

---

[1] 28 U.S.C. § 1915(g) provides,

> in no event shall a prisoner bring a civil action or appeal a judgment in a civil action of proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

1

contained in his Complaint without first either (1) pre-paying the $350.00 filing fee or (2) demonstrating that he is under imminent danger of serious physical injury. The Magistrate Judge found that Staley had not alleged that he was "under imminent danger of serious injury" and therefore did not qualify for this limited exception to § 1915(g) of the PLRA. Accordingly, the Magistrate Judge recommended that Staley's claim be summarily dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(g).

A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). On January 26, 2007, Staley filed timely objections in which he asserted that the "prescribed medication for a mental defect can cause harm to the physical body of the plaintiff . . . such as vomiting, nausea, headaches, blurredness (sic), etc." As such, Staley claims that he should be excused from paying the full filing fee because he has alleged "an imminent danger of serious physical injury." *See* § 1915(g).

Section 1915(g) should not be read to interfere with inmates' ability "to complain about 'unsafe, life-threatening condition[s] in their prison' without waiting for something to happen to them." *Gibbs v. Cross,* 160 F.3d 962, 966 (3d Cir. 1998) (quoting *Helling v. McKinney,* 509 U.S. 25, 34, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). Accordingly, Staley's allegation that he is being forced to take medication for his allegedly wrongfully diagnosed schizoaffective disorder could possibly satisfy the imminent danger exception to § 1915(g). However, Staley fails to demonstrate that his antipsychotic medication is necessarily dangerous or that the medication has caused him to

---

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

suffer any specific injury.[2]  Thus, Staley has not met the requisite showing of imminent physical harm under § 1915(g).  *See Richardson v. Hite*, 53 Fed.Appx. 291 (4th Cir. Dec. 23, 2002) (finding no "imminent danger" in allegation that inmate was being denied medication for his elevated cholesterol levels where inmate did not demonstrate that his cholesterol levels were necessarily dangerous or that medication was a medical necessity); *Richardson v. Joseph*, 2006 WL 1075160 (W.D. Va. April 21, 2006) (finding no "imminent danger" in allegation that doctor changed inmate's blood pressure medication without conducting a physical examination where inmate did not specify any adverse side effects he had experienced or allege facts indicating that the new medication was harmful).  For this reason, the court adopts the Magistrate Judge's recommendation that Staley's Complaint be dismissed without prejudice because he failed to pay the full filing fee or demonstrate an imminent danger of serious physical injury.

     **AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 11, 2007.**

---

[2] Staley lists allegedly possible side effects of the medication, but does not allege that he is currently experiencing or has ever experienced any of these side effects.

3